# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JERMAINE MOORE,

        Petitioner,           :        Case No. 3:17-cv-22

   - vs -                             District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                         :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Mr. Moore was convicted of murder with enhancing specifications in the Montgomery County Common Pleas Court and sentenced to imprisonment for twenty-eight years to life (Petition, ECF No. 1, PageID 1). He raises one ground for relief:

> **Ground One:** A party who engages in racial discrimination, in challenging a prospective juror during jury selection, forfeits that challenge.

*Id.* at PageID 14.

Moore presented this claim on direct appeal to the Second District Court of Appeals

1

which decided the claim as follows:

> **[*P24]** Moore's second assignment of error states:
>
> **The trial court's allowance of an additional peremptory challenge or "do over" following Appellant's successful *Batson* challenge, was error**.
>
> **[*P25]** At the conclusion of voir dire, the trial court, counsel, Moore, and the State's representative met in chambers to discuss the selection of jurors. One prospective juror was excused for cause, and another was excused due to financial hardship. The State dismissed prospective jurors with its first, second, and third peremptory challenges, without objection. Defense counsel used his first and second peremptory challenges, but passed on his third. Citing *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), defense counsel objected to the State's use of its final peremptory challenge. The trial court sustained the objection, and the prospective juror at issue was not removed from the jury.
>
> **[*P26]** The court entertained discussion about whether the State could exercise a peremptory challenge on another prospective juror or whether the State had, instead, forfeited its ability to select another individual with its fourth peremptory challenge. After hearing from both parties, the trial court determined that it would allow the State to exercise a peremptory challenge on another individual. The court reasoned that it was "invalidating the exercise of that fourth peremptory as to [Prospective Juror #7] not because the State has lost that peremptory challenge, but because I'm finding that the use of the peremptory challenge as to that particular individual juror on the basis of race based criteria is improper[.] I believe it would be appropriate for me to go ahead and allow the State to have a fourth peremptory provided that it obviously cannot be used as to [Prospective Juror #7]." (Tr. 199-200.)The trial court invited defense counsel to make a record regarding its ruling. Defense counsel objected to the trial court's ruling, arguing that since the State's fourth peremptory challenge was invalid, the State should not be given a "do over" with another peremptory challenge. The court noted the objection, and the State proceeded to dismiss another prospective juror. Defense counsel passed on his final peremptory challenge.
>
> **[*P28]** Moore claims that the trial court violated Crim.R. 24(D) when it allowed the prosecutor to exercise a peremptory challenge after sustaining his *Batson* challenge. Under Crim.R. 24(D), in felony cases other than capital cases, each party may peremptorily

challenge four prospective jurors. In general, a prospective juror who is peremptorily challenged is excused. Crim.R. 24(E).

[*P29] In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the Equal Protection Clause forbids the State from exercising a peremptory challenge to excuse a juror solely because of that juror's race. *See also State v. Murphy*, 91 Ohio St.3d 516, 2001 Ohio 112, 747 N.E.2d 765 (2001) (applying *Batson*). "The Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race, or on the false assumption that members of his race as a group are not qualified to serve as jurors[.]" (Citations omitted.) *Batson*, 476 U.S. at 86. The Supreme Court has extended *Batson* to criminal defendants who are not of the same race as the excluded jurors. *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Neither the effectiveness of Batson nor the wisdom of allowing peremptory challenges is before us. *Compare, e.g., State v. Saintcalle*, 178 Wash.2d 34, 309 P.3d 326 (2013) (discussing racial discrimination in jury selection and the shortcomings of *Batson*).

[*P30] Moore relies on *State v. Holloway*, 129 Ohio App.3d 790, 719 N.E.2d 70 (10th Dist.1998), to support his contention that the State was improperly provided a fifth peremptory challenge after the court sustained his *Batson* objection. In *Holloway*, a capital murder case, the defense exercised all six [footnote omitted] of its peremptory challenges to strike white males from the panel, and the prosecution used four of its peremptory challenges to strike three white females and one Hispanic female from the panel; the State waived its last two peremptory challenges. The court excused the jurors who had been challenged. During the selection of alternate jurors, each side was permitted two peremptory challenges. The State used its first on a black female; the defense struck another white male. At this juncture, the State raised the fact that the defense had used all of its peremptory challenges on white males. The trial court reviewed with counsel how the peremptory challenges had been exercised, but it did not make any ruling. The court permitted the parties to use their final challenges; the State passed, and the defense used its last challenge on a white male.

[*P31] After the peremptory challenges had been used, but before the challenged alternates were excused, the trial court asked the parties to state on the record their reasons for striking the jurors. During this discussion, the State asked that one of the prospective alternate jurors, who had been peremptorily excused by the

3

defense, be reinstated under *Batson*. The trial court never ruled on the *Batson* issue, apparently believing that it was an issue for an appellate court. However, it allowed the State to exercise a peremptory challenge against another prospective alternate juror. On review, the Tenth District concluded that the trial court violated Crim.R. 24(D) when it permitted the State to exercise a peremptory challenge after it had previously waived its final peremptory challenge.

**[*P32]** *Holloway* provides little guidance to the case before us. The trial court in *Holloway* allowed the State to exercise an additional peremptory challenge after the completion of the peremptory challenge process; all peremptory challenges had been used or waived. In fact, after the State waived its last challenge, the defense exercised its final peremptory challenge on a prospective alternate juror. Jury selection should have been complete at that time. Nevertheless, the court then granted the State another peremptory challenge to remedy a perceived error in the jury selection process.

**[*P33]** The critical issue here is whether the State actually used its last peremptory challenge when the trial court ruled, under *Batson*, that the peremptory challenge was invalid and the prospective juror at issue could not be dismissed. This court has not faced this question before, and *Holloway* does not answer it. If the answer is yes, then Moore would be correct that the State was improperly granted a fifth peremptory challenge, as in *Holloway*. We conclude the answer is no. Although the State attempted to use a peremptory challenge to remove a prospective juror, the court prevented its use by ruling that the challenge was invalid. In our view, the State continued to have that peremptory challenge available to it.

**[*P34]** The United States Supreme Court did not mandate a particular procedure to follow upon a successful *Batson* challenge. *See Batson*, 476 U.S. at 99, fn.4. It stated, "In light of the variety of jury selection practices followed in our state and federal trial courts, we make no attempt to instruct these courts how best to implement our holding today. For the same reason, we express no view on whether it is more appropriate in a particular case, upon a finding of discrimination against black jurors, for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case, or to disallow the discriminatory challenges and resume selection with the
improperly challenged jurors reinstated on the venire[.]" (Citations omitted.) *Id*. In Moore's case, the exercise of peremptory

4

challenges was conducted in chambers, and the prospective juror at issue was retained (i.e., "reinstated") on the jury.

**[\*P35]** Some courts have held the trial court may order a peremptory challenge that was unlawfully used under *Batson* to be forfeited. *See People v. Luciano*, 10 N.Y.3d 499, 890 N.E.2d 214, 860 N.Y.S.2d 452 (2008). After finding that New York statutes governing peremptory challenges neither required nor barred forfeiture, the Court of Appeals of New York balanced "the tradition of exercising peremptory challenges without explanation, and a potential juror's right to be free from discrimination" to determine whether forfeiture was permissible. *Luciano*, 890 N.E.2d at 218. The court noted that "disallowing forfeiture may be seen as indifference to discriminatory challenges; if caught, the litigant would be in the same position as if there had been no *Batson* violation." *Id.* The *Luciano* court further found that allowing forfeiture "promotes the spirit of *Batson*, signaling to litigants — and to the jury — that discrimination will not be tolerated." *Id.* at 219.

**[\*P36]** However, the *Luciano* court further recognized that forfeiture was not always required. It stated:

> In holding that forfeiture is a permissible remedy, we note that the free exercise of peremptory challenges is a venerable trial tool that should be denied only in rare circumstances. In fashioning the proper remedy, a trial judge may consider, among other factors, whether the challenged juror is available to be reseated, whether the litigant appears to be engaging in a pattern of discrimination, and the number of peremptory challenges that remain to be exercised. While even a single instance of discriminatory conduct may warrant forfeiture, where the finding of discrimination is close, forfeiture may not be an appropriate remedy (*see e.g. United States v. Ramirez-Martinez*, 273 F.3d 903 [9th Cir.2001], overruled on other grounds by *United States v. Lopez*, 484 F.3d 1186 [9th Cir.2007]).

*Luciano*, 890 N.E.2d at 219. The Court of Appeals of New York thus concluded that the trial court must exercise its discretion in determining whether forfeiture, while permitted, was required.

**[\*P37]** Other courts have also considered forfeiture of a peremptory challenge to be a permissible remedy available to trial courts, at their discretion. *See State v. Andrews*, 216 N.J. 271, 78

5

> A.3d 971 (2013) (discussing a variety of permitted remedies to address *Batson* violations). And many courts grant trial judges flexibility in fashioning remedies for *Batson* violations, based on factors related to the nature of the peremptory challenge process (such as whether challenges are exercised in the presence of the jury) and the egregiousness of the conduct. *Id.*, citing cases.
>
> **[*P38]** We find these cases persuasive and conclude that a bright line, while perhaps helpful to trial courts, is not appropriate under *Batson* and its progeny. In our view, it was within the trial court's discretion to determine, based on the circumstances before it, whether the peremptory challenge that was invalidated under *Batson* was forfeited or, alternatively, the State could re-exercise the challenge, provided that it does not exercise it in a discriminatory fashion. We therefore conclude that the trial court did not abuse its discretion in finding that the State did not exercise its peremptory challenge when the trial court ruled that the challenge was unlawful under *Batson* and reinstated the challenged prospective juror. Accordingly, the State was not improperly provided a fifth peremptory challenge, in violation of Crim.R. 24(D).
>
> **[*P39]** Moore's second assignment of error is overruled.

*State v. Moore*, 2015-Ohio-1327, 2015 Ohio App. LEXIS 1294 (2nd Dist., Apr. 3, 2015), appellate jurisdiction declined, 143 Ohio St. 3d 1542 (2015).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida*, 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Mr. Moore's Second Assignment of Error in the Second District Court of Appeals did not argue that forfeiting the peremptory challenge was required by the United States Constitution. In

deciding the assignment of error, Judge Froelich noted that the United States Supreme Court in *Batson*, *supra*, had discussed the question of a remedy for *Batson* violations and intentionally declined to require one. Therefore the court found the trial judge had discretion in the matter. Because the trial judge had been careful in the manner in which challenges were exercised, he or she was able to prevent the intended racial discrimination from having its intended effect: the improperly challenged juror was allowed to serve.

In her dissent, Judge Mary Donovan also relied on the language of the relevant Ohio criminal rule. While she cited a federal district court decision from 1871, it was not directly in point about racial discrimination in jury selection, but about the more general question of what it means to exercise a right.

Neither the majority nor Judge Donovan suggested that there was any rule from the United States Supreme Court that controlled the result, with Judge Froelich noting how the *Batson* court left a remedy to the trial judge's discretion.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000); *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012). Because the Second District's decision is not an objectively unreasonable application of clearly established Supreme Court precedent, it is entitled to deference from this Court.

**Conclusion**

7

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 27, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).