## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JERMAINE MOORE,

                    Petitioner,           :     Case No. 3:17-cv-22

      - vs -                      District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
 Lebanon Correctional Institution,

                                  :
                  Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendations (ECF No. 3) recommending the Petition be dismissed with prejudice.  District Judge Rose has recommitted the case under Fed. R. Civ. P. 72(b) for reconsideration in light of the Objections (Recommittal Order, ECF No. 5).

A jury convicted Mr. Moore of murder and he is serving a sentence of twenty-eight years to life imprisonment  (Petition, ECF No. 1, PageID 1).  He pleads one ground for relief:

> **Ground One:**  A party who engages in racial discrimination, in challenging a prospective juror during jury selection, forfeits that challenge.

*Id.* at PageID 14.  This claim was presented as the second assignment of error on direct appeal and decided against Moore in the Second District Court of Appeals. *State v. Moore*, 2015-Ohio-1327, ¶¶ 24-39, 2015 Ohio App. LEXIS 1294 (2nd Dist., Apr. 3, 2015), appellate jurisdiction declined, 143 Ohio St. 3d 1542 (2015).  The Report concluded the Second District's decision

1

was not an objectively unreasonable application of relevant Supreme Court precedent, to wit, *Batson v. Kentucky*, 476 U.S. 79 (1986), and its progeny (Report, ECF No. 3, PageID 26).  The Objections assert flatly that the Second District's decision was an objectively unreasonable application of *Batson* (Objections, ECF No. 4, PageID 30).

28 U.S.C. § 2254(d)(1), the relevant statute, provides:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> **(1)**
> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

This statute was added to the Judicial Code by Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and was first interpreted by the Supreme Court in *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000), where the Court held that an erroneous application of its precedent was insufficient to grant habeas relief; rather the error had to be "objectively" unreasonable.  *Id.* at 410.  The deference due to state court decisions was again emphasized in *Harrington v. Richter*, 562 U.S. 86 (2011):

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Yarborough* v. *Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Ibid.* "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Knowles* v. *Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251, 261 (2009) (internal quotation marks omitted).

2

586 U.S. at 101.  This is the standard that Mr. Moore must meet to obtain habeas relief.

To re-create the context, the reader should note that in Mr. Moore's trial, the exercise of peremptory challenges occurred in chambers and not in the presence of the venire.  *State v. Moore*, *supra*, ¶ 25.  Moore's counsel objected on *Batson* grounds to the fourth peremptory exercised by the State and the trial judge sustained the objection, retaining the juror against whom the racially discriminatory challenge was attempted.  Over defense objection, the trial judge then permitted the State to re-exercise its fourth peremptory or, as Moore's counsel put it, to have a "do over."  *Id.*  at ¶ 27.

On appeal, Mr. Moore claimed the trial judge's action violated Ohio R. Crim. P. 24 by in effect giving the State five peremptory challenges, rather than the four provided by the Rule. The Second District understood, however, that Mr. Moore was raising a constitutional challenge under *Batson*.  *Id.*  at ¶ 29.

In rejecting that challenge, the Second District relied *People v. Luciano*, 10 N.Y. 3d 499 (2008), in which the New York Court of Appeals found that a trial judge acted within his discretion in holding that a *Batson* violation could be sanctioned by forfeiting the peremptory but also held that remedy was not mandated.  The court of appeals also relied on *State v. Andrews*, 216 N.J. 271 (2013), which discussed "a variety of permitted remedies to address *Batson* violations" and noted that "many courts grant trial judges flexibility in fashioning remedies for *Batson* violations, based on factors related to the nature of the peremptory challenge process (such as whether challenges are exercised in the presence of the jury. . . .")  *Moore*, *supra*, at ¶ 37.

In arguing that the Second District's decision was an unreasonable application of *Batson*, the Objections rely on *United States v. Aleman*, 246 Fed. Appx. 731 (2nd Cir. 2007)(Objections,

ECF No. 4, PageID 31).  While the Second Circuit in *Aleman* on direct appeal upheld the district judge's forfeiture remedy for *Batson* violations, it did not suggest this remedy was constitutionally mandated.  Rather, it held this sanction was within the discretion of the trial judge, stating

> trial courts retain broad discretion to fashion an appropriate remedy for a violation of its rule, *see Batson*, 476 U.S. at 99 n.24 -- a principle that this court has also repeatedly reaffirmed in various contexts. *See*, *e.g.*, *McCrory v. Henderson*, 82 F.3d 1243, 1247 (2d Cir. 1996); *cf. United States v. Taylor*, 92 F.3d 1313, 1324 (1996).

246 Fed. Appx. at 735.

The Objections also rely on *United States v. Walker*, 490 F.3d 1282 (11th Cir. 2007). This was also a direct appeal.  Regarding a remedy for *Batson* violations, the court noted that the Supreme Court in *Batson* itself had "made it clear that the fashioning of a remedy [for an unconstitutional strike] is a matter upon which [the lower] courts are to be accorded significant latitude." 490 F.3d at 1294, *quoting Koo v. McBride*, 124 F.3d 869, 873 (7th Cir. 1997).  The *Walker* court noted that *Batson* itself recognized that reinstatement of the struck juror is an available remedy. *Id.*

Passing from precedent to policy, the Objections claim the Second District's decision "incentivized the inappropriate use of peremptory challenges."  (Objections, ECF No. 4, PageID 31.)  Put another way, the Objections assert that merely keeping the juror against whom the improper challenge was used does not impose a "penalty." *Id.*  at PageID 32.  But *Batson* does not require a penalty, but rather a remedy and in this case the chosen remedy put the improperly challenged juror on the jury, exactly where he would have been without the improper challenge. And because the peremptory challenges were exercised out of the presence of the venire, there was less need to punish the State for its impropriety.

4

The question before this Court, however, is not what the proper policy for remedying *Batson* violations should be.  Rather, it is whether the Second District's allowance of the remedy the trial judge chose was objectively unreasonable.  Because all of the authority cited in the Objections or by the Second District allows trial judges discretion in fashioning *Batson* remedies, the Petition is without merit.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 16, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

5

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).